United States District Court
Southern District of Texas
**ENTERED**
July 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZOHAIB MUHAMMAD, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-05787 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARKWAYNE MULLIN, | § | |
| *et al*, | § | |
| Respondents. | § | |

### ORDER ON DISMISSAL

Petitioner Zohaib Muhammad filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 21, 2026. Dkt 1. He states that he arrived in the United States as a child at a prior date and claims to be a recipient of deferred action based upon that status. Id at ¶4.

Petitioner acknowledges that he was previously arrested and charged with violations of state and federal law but was granted release on bond in both cases. Nonetheless, he states that he was taken into custody by immigration authorities after posting bond as to his federal criminal charges and has been subsequently denied bond by an immigration judge upon determination that he poses a flight risk. See id at ¶¶5–11; see also id at 8–11 (IJ bond memorandum).

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is subject to summary dismissal if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v Johnson*, 163 F3d 326, 328

(5th Cir 1999), quoting Rule 4 of the Rules Governing Section 2254 Cases. See also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

Petitioner was given a bond hearing after being detained, but he contends that the finding of the immigration judge contradicts the findings of federal and state authorities in his criminal matters and thus deprives him of due process. Dkt 1 at ¶12.

The memorandum of the immigration judge indicates that Petitioner's detention by immigration authorities and his request for release on bond proceed under 8 USC §1226(a). See Dkt 1 at 9. Section 1226(e) specifically prohibits a court from reviewing a decision under §1226(a) regarding denial of bond. See also *Bustamonte v Mukasey*, 286 F Appx 239, 240 (5th Cir 2008); *Fuentes v Lyons*, 808 F Supp 3d 733, 737 (SD Tex 2025): "[D]istrict courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond."

No jurisdiction exists to review the order denying Petitioner's request for release on bond. As such, it appears from the face of the petition that Petitioner is not entitled to relief. The petition will thus be dismissed with prejudice on the basis presently submitted.

The petition for writ of *habeas corpus* by Petitioner Zohaib Muhammad is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on July 23, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

2